IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| PAUL PERAZA,<br>      Plaintiff | : <br> : <br> : |
| v. | :   CIVIL NO.3:CV-15-1830 <br> : <br> :   (Judge Conaboy) |
| UNITED STATES OF AMERICA,<br>      Defendant | : |

_____

**MEMORANDUM**
**Background**

Paul Peraza, an inmate presently confined at the United States Penitentiary, Beaumont, Texas filed this complaint pursuant to the Federal Tort Claims Act (FTCA). Named as Defendant is the United States of America. Service of the Complaint was previously ordered.

Plaintiff's action regards action which allegedly transpired during his prior confinement at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Plaintiff states that upon his arrival ar USP-Lewisburg on March 31, 2014, he informed prison officials that he had been falsely labeled as being a child molester by officials at his prior federal correctional institutions and as such required extra protection.[1]  See Doc. 1, § IV, ¶ 2.

---

[1] The Defendant elaborates that Plaintiff was confined at USP-Lewisburg from March 31, 2014 to January 11, 2016.  Upon Peraza's arrival at the prison, he was placed in the USP-Lewisburg Special Management Unit (SMU).

1

According to the Complaint, correctional staff members in Plaintiff's USP-Lewisburg housing unit began telling other prisoners that Peraza was a sex offender and he was never placed in recreation cages with other inmates.  Peraza alleges that he initiated two grievances against correctional officers in his housing unit regarding their purported comments and informed prison officials that he needed to be kept away from other inmates because he had been labeled as a sex offender.

During an initial SMU review in May, 2014, Peraza allegedly told USP-Lewisburg staff that he was being labeled as a sex offender by housing unit officers "in order to have me assaulted by said inmates."  Id. at ¶ 6.  He also asserts that he sent similar written notices to the Warden and the Special Investigative Services of the Federal Bureau of Prisons (BOP) regarding his safety concerns.

Plaintiff asserts that despite his warnings to staff, he was placed in recreation cage # 1 on May 19, 2014. with three other prisoners, Tod (presumably Todd Jeffs); Dave (presumably David Piparo) and a third unidentified inmate. The Complaint acknowledges that this was the first time that Peraza was placed in a USP-Lewisburg SMU recreation cage with other prisoners.  One of the three inmates, Jeffs, immediately approached Peraza and told him that he was a sex offender and needed to leave the recreation cage before he got hurt.  A correctional officer allegedly overheard that exchange and ordered Plaintiff to immediately leave the

2

recreation cage. See id. at ¶ 11. The other three prisoners were then removed from recreation cage # 1 and returned to their respective cells. Peraza indicates that from that date forward he was separated from all recreation cage #1 inmates and their cell mates and was regularly assigned to recreation cage # 7.

On June 2, 2014, an inmate regularly assigned to recreation cage # 1 (Timothy Roberts) was allegedly placed in Plaintiff's recreation cage # 7 by the same recreation officers who were present during the May 19, 2014 incident. Roberts allegedly indicated to Peraza that he was Inmate Piparo's new cell mate and that housing unit staff had told him that the Plaintiff was a sex offender. The Complaint maintains that Inmate Roberts attacked and injured the Plaintiff. Thereafter, Plaintiff again advised multiple USP-Lewisburg staff members of his safety needs; allegations of staff misconduct; and concerns regarding recreation cage assignments.

On June 25, 2014, two prison staff members, Lieutenant Dowkus and Correctional Officer Beaver purportedly made a determination that Plaintiff should not be housed with Inmate Traviesso (aka Geraldo Landa) for safety reasons. See id. at ¶ 24. However, on July 7, 2014, Traviesso was allegedly placed in Peraza's recreation cage. Plaintiff notes that because he was without his eyeglasses, he did not initially recognize Traviesso. The Complaint alleges that Traviesso immediately attacked the Plaintiff. The Complaint concludes that prison officials

3

"purposefully" placed Peraza in harm's way on June 2, 2014 and July 7, 2014 in retaliation for the Plaintiff's initiation of institutional grievances and due to his classification of being a sex offender. Id. at ¶ 31.

Peraza also indicates that he filed two administrative tort claims and attached copies of those filings to his Complaint. However, this Court has not been provided with copies of any FTCA administrative tort claims initiated by Plaintiff. As a result, it is unclear as to exactly what specific pro se claims are properly being presented before this Court. Based upon a review of the Complaint, Peraza is arguably raising allegations that there was a negligent failure to protect his safety as well as assertions that he was injured because of intentional tortious conduct by the USP-Lewisburg staff.[2]

Defendant responded to the complaint by filing a motion to dismiss and/or in the alternative for summary judgment. See Doc. 18. Thereafter, the Defendant filed a supporting brief which withdrew its request for summary judgment and asks that the motion be solely construed as seeking partial dismissal under Federal Rule of Civil Procedure 12(b)(1). See Doc. 20, p. 2. Defendant's request to withdraw the summary judgment portion of its pending

---

[2] This Court agrees with Defendant's observation (Doc. 20, p. 2, n. 1) that any assertions of retaliation by Peraza are not properly asserted in an FTCA action. Accordingly, Plaintiff's allegations of retaliatory misconduct by USP-Lewisburg staff will be dismissed without prejudice.

4

motion will be granted.  The remaining opposed request for partial dismissal is ripe for consideration.

## **Discussion**

Defendant contends that "this Court should dismiss Peraza's claims of negligent failure to protect based on alleged improper recreation cage assignments because those claims are barred by the discretionary function exception to the FTCA."  Doc. 20, p. 1.

Defendant seeks dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(1) on the basis that there is a lack of subject-matter jurisdiction.  A Rule 12(b)(1) motion "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.  Warner v. McVey, 2009 WL 703416 * 2 (W.D. Pa. March 16, 2009)(citing Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  Defendant describes its pending motion as raising a factual attack, i.e., challenging jurisdiction on facts apart from the pleadings.[3]  See Doc. 20, p. 6.

With respect to a factual challenge, a court "is not limited to considering only the allegations on the face of the complaint if the defendant is challenging subject matter jurisdiction." Walters v. United States, 2008 WL 191476 *1 (M.D. Pa. Jan. 22, 2008)(citing Carpet Group Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69

---

[3]  A facial challenge attacks a deficiency in the pleadings. When considering such an argument courts may only consider and must accept as true the allegations in the complaint.  Warner, 2009 WL 703416 * 2.

(3d Cir. 2000). As noted by the Third Circuit Court of Appeals, review is "not confined to the allegations in the complaint and [courts] can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). In addition, "no presumptive truthfulness attaches" to the allegations in the Complaint and disputed material facts do not prevent the court evaluating the merits of the lack of jurisdiction claims. Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977). Simply put, the Court is "free to weigh the evidence and satisfy itself whether it has the power to hear the case." Carpet Group, 227 F.3d at 69.

**Failure to Protect**

The FTCA provides a remedy in damages for the simple negligence of employees of the United States. See United States v. Muniz, 374 U.S. 150, 150 (1963). Under the FTCA, sovereign immunity is waived against persons suing the federal government for the commission of various torts. See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003).

A plaintiff pursuing an FTCA negligence claim must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961). The only proper Defendant for purposes of an FTCA claim is the United States of America. See 28 U.S.C. § 2679(d). Except for limited

circumstances, an FTCA claim in federal court is limited to recovery of the sum certain amount requested in the underlying administrative claim. See McMichael v. United States, 856 F.2d 1026, 1035 (8th Cir. 1988).[4]

It is well-settled that a federal district court addressing an FTCA action must apply the law of the state, in this case Pennsylvania, in which the alleged tortious conduct occurred. 28 U.S.C. § 1346(b) (1996); Toole v. United States, 588 F.2d 403, 406 (3d Cir. 1978); O'Neal v. Department of Army, 852 F. Supp. 327, 334-35 (M.D. Pa. 1994); Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987). However, in cases such as this which involve federal prisoners, it has been recognized that the government's duty of care is one of ordinary diligence. See 18 U.S.C. § 4042; Turner, 679 F. Supp. at 443. The applicable law with respect to the burden and quantum of proof under the FTCA remains that of the state in which the alleged tortious conduct occurred. Hossic v. United States, 682 F. Supp. 23, 25 (M.D. Pa. 1987). Under Pennsylvania law, a plaintiff is required to show that the

---

[4] Specifically, 28 U.S.C § 2675(b) provides:

> Action under this section shall not be instituted for any sum in excess of the claim presented to the federal agency, except where the increased
> amount is based on newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

7

defendant's negligence was the proximate cause of his injury by a preponderance of the evidence. Baum v. United States, 541 F. Supp. 1349, 1351 (M.D. Pa. 1982).[5]

The United States is only liable under the FTCA for conduct by government employees while acting within their scope of employment. Matsko v. United States, 372 F.3d 556, 559 (3d Cir. 2004). 18 U.S.C. § 4042 imposes a general duty of care on the BOP to safeguard its prisoners. However, the regulation does not dictate the manner by which that duty is to be fulfilled. See Cohen v. United States, 151 F.3d 1338,1343 (11th Cir. 1998). Hence, the BOP has the ability to exercise its judgment on how its duty under § 4042 is to be fulfilled.

A significant limitation on FTCA claims is imposed by 28 U.S.C. § 2680(a), which provides that liability may not be premised on a claim against a government employee which is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty." Defendant's sole argument for partial dismissal contends that Plaintiff's failure to protect claims are barred by the FTCA's discretionary function exception. See Doc. 20, p. 7.

"Conduct is not discretionary unless it involves an element of judgment or choice.' Koch v. United States, 814 F. Supp. 1221,

---

[5] Pennsylvania law defines proximate cause as causation which was a substantial factor in bringing about the injury. Hamil v. Bashline, 392 A.2d 1280, 1284 (Pa. 1978).

8

1227 (M.D. Pa. 1993).  In <u>Berkovitz v. United States</u>, 486 U.S. 531 (1988), the United States Supreme Court adopted a two part inquiry with respect to § 2680(a).  First, a court must decide if "a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow." <u>Id</u>. at 536.  If so, "the employee has no rightful option but to adhere to the directive." <u>Id</u>.  Federal employees such as correctional officers employed by the Bureau of Prisons simply "do not have discretion to violate mandatory requirements" or constitutional rights. <u>Koch</u>, 814 F. Supp. at 1228.

With respect to the first prong, while the BOP imposes a duty upon its employees to use reasonable care and ordinary diligence to protect the safety of inmates, there is no indication that there was a specific federal statute or regulation or policy which required the BOP to take a particular course of action to ensure Peraza's safety from being assaulted by other inmates while being placed in a recreation cage.  See <u>Donaldson v. United States</u>, 281 Fed. Appx. 75 (3d Cir. 2008).  Rather, the "BOP retains sufficient discretion in the means it may use to fulfill" its duty of protecting prisoners from being assaulted by other inmates. <u>Id</u>. at 77. As such, Defendant argues that the first prong has been satisfied because decisions as to whom Plaintiff could safely share a recreation cage with involved an element of choice.  See Doc. 20, p. 12.

9

With respect to the second prong, Plaintiff's action concerns three separate incidents. The first event occurred on May 19, 2014 when Plaintiff was briefly placed in a recreation cage with three other prisoners. Peraza acknowledges that he was quickly removed from the cage when one of the inmate occupants made threatening remarks.

Defendant has submitted a declaration under penalty of perjury by USP-Lewisburg Case Management Coordinator Jessica Reibsome. See Doc. 19-2, Exhibit 1. Reibsome states that upon Plaintiff's arrival he was placed in the SMU, a program which is designed for prisoners who present unique security and management concerns. According to Reibsome, groups of SMU prisoners who are housed on the same floor of a housing unit receive their recreation time together. The officer in charge of the housing unit assigns groups of those prisoners to be placed in a recreation cage together. Those assignments are only made after all "inmates are screened for compatibility." Id. at ¶ 7.

A sworn declaration by USP-Lewisburg SIS Support Technician James Page has also been provided to the Court. Page states that he interviewed the Plaintiff following the inmate's arrival at the prison. Peraza told page "that he considered himself to in bad standing with everyone because it was out that he was a child molester." Doc. 19-2, Exhibit 2, ¶ 3. However, the prisoner did not report a problem with any specific inmate.

10

A declaration under penalty of perjury by USP-Lewisburg Senior Officer Specialist David Bardo states that he was in charge of Plaintiff's housing unit on May 19, 2014 and that the housing unit's daily records show that Peraza, Piparo, and Jeffs were each offered and refused their recreation time on said date. Id., Exhibit 3, ¶¶ 7-20. The Defendant asserts that since institutional records show that all of the prisoners identified in the Complaint refused to attend recreation on May 19, 2014, there is no basis for a negligent failure to protect claim with respect to said date. See Doc. 20, p. 11.

It is undisputed that on June 2, 2014 Plaintiff and Inmate Roberts were both placed in recreation cage # 7. An altercation occurred between those prisoners with both being treated for minor injuries. See Doc. 19-2, Attachment D, p. 27. According to Reibsome's declaration, her review of relevant institutional records shows that at the time of the June 2, 2014 incident Plaintiff was not listed as being a separtee from Inmate Roberts and had not registered any concerns regarding that prisoner with any correctional staff member. The Defendant further notes that Plaintiff acknowledged that when he entered the recreation cage he did not feel that Roberts posed a threat. See Doc. 19-2, Exhibit 1, ¶ 10.

Based upon those considerations, especially the fact that Plaintiff voiced no concerns before entering a recreation cage where Roberts was already present, the Defendant concludes that

11

there is no discernible basis for a negligent failure to protect claim with respect to the second incident.

With respect to the remaining incident at issue, the parties acknowledge that on July 7, 2014 Plaintiff was assaulted by Inmate Traviesso when the former entered recreation Cage #1.[6]  See Doc. 19-2, Attachment E, p. 28.  Neither prisoner sustained any significant injury.

In her declaration, Reibsome states on July 7, 2014, Peraza and Traviesso were not listed as being separtees. Doc. 19-2, Exhibit 1, ¶ 10.  USP-Lewisburg Lieutenant Daniel Dowkus has provided a declaration which denies Plaintiff's claims that Dowkus heard Plaintiff voice claims that prison staff described him as being a sex offender and expressed concerns regarding his recreation cage assignments.  See id. at Exhibit 4.   Dowkus also clearly denies that he ever told Plaintiff that the inmate could not be safely housed with Inmate Travessio.  Correctional Officer Bear has also provided a similar declaration stating that he ho recollection of Plaintiff ever making such statements.

Based upon those factual submissions, Defendant maintains that the second prong of the Berkovitz discretionary function analysis has also been satisfied because the judgments made by prison officials as to whom Peraza could share a recreation cage

---

[6] As previously discussed Travessio is a nickname used by Inmate Landa.  See id., Exhibit 2, ¶ 4.

12

with was a discretionary decision protected by the discretionary function exception. See Doc. 20, p. 13.

Plaintiff's opposing brief counters that the only claim that he wishes to pursue in this matter is his allegation that prison officials committed an intentional tort when they purposefully disseminated information to the inmate population which identified Peraza as being a sex offender. The alleged intentional dissemination of that information and purposeful assignment of Plaintiff to recreation cages with potential assailants led to the assaults of June 2, 2014 and July 7, 2014. See Doc. 26, p. 2.

Based upon a review of the pro se complaint, the above described claim was arguably raised by the Plaintiff. Accordingly, the Court will accept Plaintiff's clarification as set forth in his opposing brief and any FTCA claims pertaining to the May 19, 2014 incident will be deemed withdrawn. Likewise, the Court will accept Plaintiff's contention that he only wishes to purse an intentional tort claim that USP-Lewisburg correctional staff intentionally released classified information to the inmate population which identified him as being a sex offender in order to place him in harm's way and then purposefully placed him in recreation cages on June 2, 2014 and July 7, 2014 so that he could be assaulted by other inmates.

As a result, the pending motion for partial dismissal will be granted and Plaintiff's contentions that there was a negligent

13

failure to protect his safety with respect to his May 19, 2014, June 2, 2014 and July 7, 2014 recreation cell assignments will be dismissed.  An appropriate Order will enter.


                                          <u>S/Richard P. Conaboy</u>
                                          RICHARD P. CONABOY
                                          United States District Judge


DATED: FEBRUARY 24, 2017